Judge Hitchcock:
delivered the opinion of the court :
^Perhaps there is no statute in Ohio more abused than the statute concerning “ divorce and alimony.” Perhaps there is no statute under which greater imposition is practiced upon the court and more injustice done to individuals. It seems to be considered, by a great portion of our community, that the marriage contract is the least obligatory of all others, and that nothing more is necessary to dissolve it than that application should be made to this court to register a decree to this effect. Not unfrequently a husband, who has by cruelty driven his wife from her home, seeks to-be divorced from her, charging her with willful absence. And there are cases where the adulterous wife seeks a similar remedy, charging the husband with extreme cruelty. The hearings are *290 generally ex parte. Witnesses are examined, friendly to the applicant, and it is almost, if not utterly impossible, for the court in most instances to arrive at the real truths of the case. I would not be understood that there are no meritorious cases. That there ¡are some such there can be no doubt. But of the great multitude •of cases which are before this court I am confident that by far the greater number are not of this class. Aware of these circum.stances, and aware, too, of the immoral and mischievous tendency •of an easy dissolution of this most solemn of all contracts, we have ever been disposed to give a strict construction to the law, and not to hear a case unless the applicant brings him or herself within both the letter and spirit of the statute.
The second section of the “ act concerning divorce and alimony,” passed January 7, 1824, 29 Ohio Stat. 431, provides thatjin all cases where application is made for divorce, and the party defendant resides in the county where application is made, personal service shall be made by summons and by copy of the petition. But in case the defendant does not reside in the county, then “ public notice, shall be given in one of the newspapers in the state for three months.” In the case before the court the defendant does not reside in the county of Delaware, where the application was made, .still “ public notice ” in a “newspaper” has not been given. It may be thought that the professed object being that a defendant *may have notice, this object would be as well, nay better, secured by the service of a summons, than by publication in a newspaper in some distant part of the state. Such would probably be the opinion of the members of this court, if we were about to legislate upon the subject. But this is notnur business. It is our province to construe, not to make laws. By the act of 1822, upon the same subject, which was repealed by that of 1824, personal notice was required in all cases where the defendant resided out-of the state. This provision is left out of the law of 1824, and notice by publication substituted. This must have been done by design, .i What induced the legislature to make this change we know not, nor is it necessary for us to inquire. We are bound, however, to suppose it was done upon good and sufficient reason. Having been done, it only remains that we should give it effect..
Even should the court presume to substitute a summons in lieu of the publication, the service in the case before ub would be de *291 ■fective. Where service is made by summons the law requires that a copy of the petition should be delivered to the defendant. This ■has not been done, and„upon neither ground are the parties properly before the court, f We will not, however, dismiss the cause. It may be continued for notice.1